In re James CLARK & Ronda Clark, Debtors.

James CLARK & Ronda Clark, Plaintiffs,

v.

Steve VAN DRIMMELEN & Joan Van Drimmelen, Defendants.

Bankruptcy No. 87–03780–C.
Adv. No. 87–0636–C.

United States Bankruptcy Court, W.D. Missouri, C.D.

April 25, 1988.

Carrie Francke, Columbia, Mo., for plaintiffs.

Gerald E. Roark, Jefferson City, Mo., for defendants.

Jack E. Brown, Columbia, Mo., Trustee.

Kenneth E. Weinfurt, Asst. U.S. Atty., Kansas City, Mo., for the U.S.

## MEMORANDUM OPINION

FRANK W. KOGER, Bankruptcy Judge.

This adversary action involves the attempt of debtors to remove from state court (the Circuit Court of Boone County, Missouri) a cause of action which was therein pending at the time of the filing of debtors' petition in this Court. That cause of action is a tort action sounding in fraud. The putative defendants are the Farmers Home Administration, Don Wemhoff, the Court Supervisor for Farmers Home Administration, Steve Van Drimmelen and Joan Van Drimmelen, and Paul D. Watson. The gist of the state court action seems to concern the purchase of a parcel of real estate and a residence thereon by debtors from the Van Drimmelens, inspection by Watson and financing by Farmers Home Administration through the person of Don Wemhoff.

The United States of America, through the United States Attorney, at first objected to the removal but has now withdrawn its objection. It is the present position of that entity that this is a case where the Court may voluntarily abstain. The defendants Van Drimmelen maintain that the matter is a mandatory abstention. The debtors insist that at least part of the issues involve "core" proceedings.

The Court cannot comprehend how this can be a core proceeding. Were the Court to adopt the rationale of the debtors it is hard to envision any set of facts that could not be convoluted into an arguably "core" proceeding. The Court rejects debtors' argument that this is a core proceeding. Were it necessary to label this cause of action (which it probably is not), the Court would suggest this most clearly resembles a "related to" item. Frankly, to this date the Court has yet to locate an infallible meter that registers "core" or "arising out of" or "related to" when pointed in the direction of any stray cause of action that has sprung "full panoplied" from the head of counsel.

Be that as it may, since the Court believes the matter is not "core" and not "arising out of" it is obviously "related to" and there the jurisdiction of this Court is severely circumscribed. Whether this Court has jurisdiction or not need not be determined. The Eighth Circuit in a recent case upheld The Honorable Dennis J. Stewart, Chief Bankruptcy Judge, in his decision to abstain from hearing matters involving "related" rather than "core" or "arising out of". *In re Titan Energy, Inc.,* 837 F.2d 325 (8th Cir.1988). Judge Stewart said: "there is a limited discretion available to a bankruptcy court to require matters to be litigated in state courts even where jurisdiction exists in the bankruptcy court". Not only did the Eighth Circuit approve Judge Stewart's reasoning and decision, but perhaps established a potential new standard for determining whether to abstain or not when they said:

"... the better part of discretion counsels abstention:. Id. (l.c. 330)

The factors enumerated by the Eighth Circuit weighing against abstention are not present in this Chapter 7 case, while the factors enumerated by the Eighth Circuit as favoring voluntary discretion are

present. This Court, therefore, adopts the reasoning of Judge Stewart and relies upon the opinion of the Eighth Circuit as well as the factors set out to be considered in ruling that it will not remove the state court action.

This Opinion shall constitute Findings of Fact and Conclusions of Law as required by Rule 7052, Rules of Bankruptcy.